[Civ. No. 1545. Third Appellate District.—September 25, 1918.]

BYRON A. BEARCE et al., Appellants, v. J. M. DAVIS, Respondent.

PROMISSORY NOTE—ACTION AGAINST MAKER—DENIAL OF EXECUTION—CONFLICT OF EVIDENCE.—In this action by the holder against the maker of a promissory note, the execution of which was denied, there being a conflict of evidence, and there being substantial evidence to support the verdict for the plaintiff, the reviewing court would not interfere.

APPEAL from a judgment of the Superior Court of Merced County.  E. N. Rector, Judge.

The facts are stated in the opinion of the court.

James D. Meredith, for Appellant.

F. W. Henderson, for Respondent.

CHIPMAN, P. J.—The transcript on appeal in this case was filed April 30, 1916.  The time for filing opening brief by appellants expired May 22, 1916, and on that day the time for filing appellants' brief was extended thirty days.  No further extension of time was asked and none granted.  The cause was placed upon the September calendar, 1918, and due notice thereof given to the attorneys for the respective parties.  At the call of the calendar there was no appearance by either party and the cause was ordered submitted on the record.  We have before us nothing but the clerk's transcript, showing the judgment-roll and the reporter's transcript of the proceedings at the trial.  We might, with propriety, affirm the judgment on the assumption that the appeal has been abandoned.  We have, however, examined the record.  The nature of the action and the defense thereto will be seen from the following instruction given by the court:

"This is an action in which plaintiff seeks to recover judgment against defendant J. M. Davis upon a promissory note alleged to have been executed by defendant and thereafterwards indorsed by him and delivered to B. H. Payne, who plaintiff claims subsequently sold and assigned said promissory note to plaintiff.  Plaintiff alleges that said promissory note is for the principal sum of one thousand dollars, together with interest on said sum from January 12, 1915, until paid at the rate of six per cent per annum.  Plaintiff contends that the promissory note sued on herein was executed on the twelfth day of January, 1915, by defendant J. M. Davis, and sold and assigned before the maturity thereof by B. H. Payne, defendant's indorsee, to plaintiff for a valuable consideration.  Plaintiff alleges that no part of the principal sum nor any of the interest thereon has ever been paid by defendant.

"By way of defense defendant denies the execution of the note pleaded in plaintiff's complaint, denies that he ever signed the same or that he ever indorsed it or delivered it to B. H. Payne."

The cause was tried by a jury and defendant had the verdict, and judgment followed in his favor.

Defendant testified to the circumstances surrounding the execution and delivery to Payne, in 1914, a note for like amount, but positively denied the execution of any other note or of the note in suit. Payne testified quite as positively that this note was executed by defendant and delivered to him by defendant on the day of its date. Upon the question of execution and delivery of the note the evidence seems in conflict.

The court instructed the jury as follows:

"Plaintiff alleges that on the twelfth day of January, 1915, defendant executed the note pleaded in its complaint and defendant denies this. I instruct you that the date of said instrument as alleged is material and you must find, if you find in favor of the plaintiff, that on the twelfth day of January, 1915, or thereabouts, defendant executed a note for the principal sum of one thousand dollars, bearing date January 12, 1915, as alleged in plaintiff's complaint.

"Defendant admits that on or about the twenty-fifth day of July, 1914, he executed a promissory note for the principal sum of one thousand dollars bearing date on said day and delivered the same to B. H. Payne. I instruct you that proof of or admission of the execution by defendant of the last-mentioned note is no proof of the execution, if any, of the note sued on in this action.

"In order for plaintiff to recover, among other things, it must be proved that defendant executed and delivered the identical note pleaded in its complaint; proof of the execution of another note will be of no avail."

The issues were thus very clearly placed before the jury. There was testimony as to the circumstances under which Payne received the note given by defendant in 1914 and their subsequent relations which we do not think it necessary to set forth, but which may have influenced the jury in reaching their verdict. However, there was a conflict in the testimony upon the main issue. The jury accepted the defendant's testimony as true, and having done so the verdict for defendant necessarily followed. Under the rule, where there is sub-

stantial evidence sufficient to support the verdict, the reviewing court will not interfere.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.